UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRADFORD METCALF,              )
                               )
            Petitioner,        )
                               )
    vs.                        )        2:12-cv-301-JMS-MJD
                               )
WARDEN J. OLIVER,              )
                               )
            Respondent.        )

**Entry Discussing Motion to Reconsider**

For the reasons explained in this Entry, the petitioner's motion for reconsideration must be denied.

**Background**

Final judgment dismissing this action for habeas corpus relief was entered on May 17, 2013. The entry of final judgment has been followed with the filing of a motion for reconsideration. Applying the prison mailbox rule, the motion for reconsideration is deemed to have been filed on June 5, 2013.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label

affixed to it." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions no longer applies")).

Given the timing of the post-judgment request just referenced relative to the entry of final judgment, and given the argument set forth in such request, the request seeks relief within the scope of Rule 59(e) and is thus treated as such a motion.

## Discussion

*Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989), explains that Rule 59(e) encompasses reconsideration of matters decided on the merits and should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)).

Metcalf's petition for writ of habeas corpus alleged that prison authorities assigned him to housing units and programming which his conviction and other pertinent factors did not justify. His petition was summarily dismissed because, as the Court explained, the petition "[did] not present claims affecting either the fact or duration of his confinement . . . ." Indeed, not only were there no claims associated with either the fact or the duration of his confinement, but the various forms of relief he sought were did not include relief which would have, for example, restored forfeited good time. It is true that in his petition for writ of habeas corpus he sought his release from the custody of the Federal Bureau of Prisons, but this form of relief was not

connected with any of the allegations in his petition. In other words, there were no allegations in the habeas petition from which it could be inferred that Metcalf was in the custody of the Federal Bureau of Prisons illegally.

Metcalf states in his motion for reconsideration that he has been punished in a way which affects the anticipated duration of his confinement, but he offers no details and does not relate that description with any of the allegations in the habeas petition. The habeas petition makes reference to a disciplinary charge Metcalf was facing, but does not describe that charge as being resolved. It could be that the disciplinary matter has now been concluded, but the Court cannot treat the habeas petition as a challenge to something which had not yet occurred and which even now is only suggested, not alleged.

## Conclusion

In this case, the Court examined the allegations in the petition for writ of habeas corpus. It properly found that the petitioner had not identified a viable basis on which the relief he sought could be granted.

There was in this case no manifest error of law or fact. The Court did not misapprehend the petitioner's claims or the nature of his challenge, nor did the Court misapply the law to those claims and his status as a convicted defendant who had the opportunity to file a direct appeal and perhaps thereafter an action for post-conviction relief. Accordingly, the post-judgment motion to reconsider, treated as a motion to alter or amend judgment [dkt. 9], is **denied.**

IT IS SO ORDERED.

Date: 07/16/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Bradford Metcalf
No. 09198-040
Terre Haute-USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808